UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Adnan Khamis Abuzanat,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 05-155(1) ADM
Civil No. 06-3510 ADM

_____

John R. Marti, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Adnan Khamis Abuzanat, *pro se*.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant Adnan Khamis Abuzanat's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion") [Docket No. 23].[1] Defendant argues that the Court lacked jurisdiction to impose a term of supervised release and that his counsel was ineffective in failing to object to a term of supervised release. For the reasons set forth below, Defendant's section 2255 Motion is denied.

## II. BACKGROUND

On April 28, 2005, Defendant was charged by Criminal Complaint with health care fraud, in violation of 18 U.S.C. § 1347. Complaint [Docket No. 1]. On May 9, 2005, an Information was filed charging Defendant with conspiracy to commit mail fraud and health care fraud, in violation of 18 U.S.C. § 371. Information [Docket No. 7]. Defendant waived the right

---

[1] All docket references are to Criminal No. 05-155(1).

to be prosecuted by indictment and consented to proceeding by information. Waiver [Docket No. 13]. On June 2, 2005, pursuant to a negotiated plea agreement, Defendant pled guilty to conspiring to commit mail fraud and health care fraud, in violation of 18 U.S.C. § 371. Plea Agreement [Docket No. 12]. On November 9, 2005, Defendant was sentenced to twelve months and one day of imprisonment, followed by three years of supervised release, and was ordered to pay $121,935 in restitution. Judgment [Docket No. 17]. Defendant did not object to the inclusion of a supervised release term at the sentencing hearing, nor by appeal of his conviction or sentence. On August 29, 2006, Defendant submitted his timely section 2255 Motion.

### III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979). Defendant argues that the Court lacked jurisdiction to impose a term of supervised release and that his counsel was ineffective in failing to object to a term of supervised release.

**A.     Jurisdiction to Impose a Term of Supervised Release**

Defendant argues that the Court lacked jurisdiction to impose a supervised release term because the statutes under which he was convicted do not expressly provide for supervised release. However, "[e]ven where the substantive statute describing the crime authorizes only imprisonment, supervised release may nevertheless be authorized by 18 U.S.C. § 3583 in addition to the maximum prison term." United States v. Postley, 449 F.3d 831, 833 (8th Cir. 2006); see also United States v. Hernandez, 436 F.3d 851, 855-56 (8th Cir. 2006); United States v. Colt, 126 F.3d 981, 982-83 (7th Cir. 1997). Defendant interprets the phrase "[e]xcept as

otherwise specifically provided," found in both 18 U.S.C. §§ 3551 and 3583, to bar supervised release as part of a sentence if the statute under which a defendant is convicted expressly provides for a term of imprisonment but not supervised release. However, the Eighth Circuit has held that 18 U.S.C. § 3583 was amended to add the phrase "[e]xcept as otherwise specifically provided" so that the statute will not conflict with other statutes that authorize supervised release terms greater than those provided in 18 U.S.C. § 3583. United States v. LeMay, 952 F.2d 995, 998 (8th Cir. 1991).

In addition, Defendant has waived his right to challenge the supervised release term by acknowledging it and agreeing to it in his plea agreement and at the plea colloquy. Plea Agreement ¶ 8; see United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989). The plea agreement shows that Defendant understood that the maximum sentence for conspiracy included a term of supervised release of up to three years. Plea Agreement ¶ 8d. Also, because Defendant did not directly appeal his sentence, his claim is procedurally defaulted unless he can establish cause that excuses the default and actual prejudice from the errors asserted. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). While a showing of ineffective assistance of counsel satisfies both cause and prejudice, a Defendant must first establish ineffective assistance using the Strickland test. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). As is discussed below, Defendant is unable to establish ineffective assistance of counsel, and is otherwise unable to establish cause and actual prejudice.

**B.    Ineffective Assistance of Counsel**

Defendant's ineffective assistance of counsel argument must also fail. Defendant lists two alleged errors of his counsel: (1) counsel's failure to research the propriety of supervised

release as part of his sentence and (2) counsel's failure to challenge the indictment as insufficient to inform Defendant of the supervised release portion of his sentence.  To succeed on an ineffective assistance of counsel claim, a defendant must show that (1) his counsel's representation fell below an objective standard of reasonableness ("performance prong"), and (2) there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different ("prejudice prong").  Strickland, 466 U.S. at 687-94.  The Court need not consider the performance prong if Defendant suffered no prejudice from the alleged ineffectiveness.  Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997).

     Defendant has failed to establish that there is a reasonable probability that, but for counsel's unprofessional errors, his sentence would have been different. Counsel's research and challenge of a term of supervised release as part of Defendant's sentence would have been unsupported by law because the Court has authority to impose a term of supervised release. Defendant acknowledged in his plea agreement that he understood a term of supervised release to be a possibility.  Further, Defendant's argument with respect to the sufficiency of the indictment to inform him of a possible supervised release term must fail.  Defendant waived his right to be prosecuted by indictment and consented to a proceeding by information.  In addition, the cases cited by Defendant do not support that an indictment or information must contain notice to a defendant about a possible future supervised release term.  Stirone v. United States, 361 U.S. 212, 216 (1960) (holding that a defendant can only be tried on charges in the indictment); United States v. Allen, 247 F.3d 741, 762 (8th Cir. 2001) (stating that the original indictment sufficiently charged the defendant with an offense that expressly subjects a convicted defendant to a maximum penalty of death).  The Information was sufficient to notify Defendant

of the charges against him, and there is no requirement that the Information contain any notice about possible future sentences. As a result, a challenge by counsel of the Information would not have resulted in a different sentence for Defendant.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 23] is **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 13, 2006.